# SYLLABI

## Cases Decided by Supreme Court

### No. 465

No. 20412—Preston E. Thomas, Warden, et. v. Everett L. Mills. Error to the Court of Appeals of Franklin County.

333. CRIMINAL LAW—Prisoner in penitentiary has constitutional right under its reasonable rules to confer with his attorney in regard to pending error proceedings.

114. ATTORNEY & CLIENT—Where an attorney of a convict in penitentiary, sentenced for life for murder who is prosecuting error proceedings in Court of Appeals, has applied for private interview in penitentiary with his client, warden who refuses to permit it commits an abuse of official discretion.

ALLEN, J.

1. Under Article I, Section 16, of the Ohio Constitution, a prisoner confined in the Ohio Penitentiary after conviction for felony, has a constitutional right to confer with his attorney with regard to an error proceeding pending in the said felony prosecution.

2. Such right must be exercised in conformity with reasonable rules and regulations of the penitentiary.

3. In a case where a convict in the Ohio Penitentiary, who has been convicted of the offense of first degree murder and sentenced to the Ohio Penitentiary for life, has prosecuted error proceedings in the Court of Appeals seeking to set aside his conviction, and where the attorney of such convict in the error proceedings in question has applied for a private interview with his client, and where the convict has been confined in the Ohio Penitentiary for a period of over two months and luring such time his attorney has not been permitted to see or confer with such client on account of the refusal of the warden of the penitentiary to permit such interview, it is unreasonable and constitutes an abuse of official discretion on the part of the warden o fthe penitentiary to deny to the attorney the right to privately confer and consult with his client.

Judgment affirmed.

Marshall, CJ., Kinkade, Robinson, Jones and Matthias, JJ., concur.

### No. 466

No. 20263—Southern Surety Co. v. Harry E. Schmidt. Error to the Court of Appeals of Franklin county.

951. PRINCIPAL & SURETY—969. Public Contract—The statement of amount due to sureties, under 2365-3 GC. is sufficient if it, without detail, advises the surety of the amount due and that it is for labor or material for the improvement for which the bond is given.

969. PUBLIC CONTRACTS — 606. Highways—1. By 2365-3 GC. before amendment of June 30, 1925, the statement therein referred to must be filed after the acceptance of the improvement.

2. Where the improvement is of a highway, the use thereof for travel before completion, without the approval of the state commissioner, does not amount to an acceptance, under the statute.

MARSHALL, C. J.

1. The statement required to be furnished to a surety by section 2365-3, eGneral Code, need not be prepared with the particularity of detail required in a statement of account. It is sufficient if the statement advises the surety of the amount due and that it is for labor performed or material furnished in the construction of the improvement for which the bond is given.

2. By virtue of the provisions of section 2365-3, General Code, prior to the amendment to that section on the 30th day of June, 1925, the statement therein referred to to be effective must be furnished after the acceptance of the improvement by a duly authorized board or officer.

3. Where the improvement is the construction of a public highway under contract with the director of highways, the use thereof by the public for purposes of travel, without the official approval thereof by the state highway commissioner or some duly authorized agent of such commissioner, before the completion thereof, does not amount to an acceptance within the purview of that statute.

Judgment reversed.

Day, Kinkade, Jones and Matthias, JJ., concur.